## Jason Leonard v. Sarah J. Pope.

*Married woman: Slander: Sole action: Marriage: Evidence.* A married woman may bring a sole action for slander, and her marriage may be proved by repute. The highest evidence of marriage is not required, where that fact is not a part of the main issue.

*Witness: Reputation: Veracity: Evidence.* Where a witness is sought to be impeached by proof of general reputation, it must be reputation for veracity; and repute as to honesty is not admissible.

*Charge to the jury.* It is not error to refuse to repeat, on separate requests, charges already fully given in as intelligible form.

*Slander: Evidence: Repetitions: Damages.* In actions of slander, evidence may be given of repetitions of the same slander, to enhance the damages. Such repetitions constitute practically one slander, aggravated by the enlarged circulation; and a judgment in such a case is a bar against any further action for any such repetition open to proof on the trial.

*Slander.* Authorities upon this subject discussed.

*Submitted on briefs April 16. Decided April 22.*

Error to Oakland Circuit.

27 MICH.—19.

*W. B. Jackson* and *M. E. Crofoot,* for plaintiff in error.

*Patterson & Patterson,* for defendant in error.

CAMPBELL, J.

The defendant in error, a married woman, sued plaintiff in error in slander, the declaration setting forth in separate counts two slanderous charges. The first count was for a charge imputing unchastity. The second was for a charge of theft and dishonesty.

It appeared by the proofs that she was the wife of one Edgar Pope. Charges were asked and refused, claiming that she could not recover in this action: *first,* because her husband did not join with her; and, *second,* because the marriage was proved by repute and not by strict proof.

These objections were frivolous. It was decided in *Berger v. Jacobs, 21 Mich. R., 215,* that no joinder of husband and wife is necessary where the wife sues for a personal grievance or cause of action. And there is no authority that has been referred to, or which we are aware of, that requires the highest evidence of marriage in suits not directly involving the marriage relation as a part of the main issue.

It is also alleged as error that the defendant below was not allowed, upon a question of impeachment, to cross-examine a sustaining witness concerning statements in the neighborhood about the honesty of the witness sought to be impeached. This ruling was proper. The question of dishonesty has not been allowed to be considered as an issue upon impeachment. Very likely a man who steals may lie also; but there can be no occasion to enlarge the rule, because he is quite as likely to get such a reputation as he deserves for want of veracity as for want of honesty. And if he has not obtained a bad reputation for truth, it would be a very unreasonable assumption to claim that he ought to have it. The whole doctrine of impeachment,

although necessary in many cases, is so often resorted to where the local gossip turns out to be unfounded and malicious, that no good purpose would be subserved by opening the door any wider for the reception of such rumors.

The first count in the declaration charged Leonard with asserting that "the Popes (that is, the husband and the father-in-law of defendant in error), are all thieves, and their wives are whores." The evidence was, that in a conversation in which the Popes (father and son), were the subjects of discussion, Leonard said, among other things, "I live right between them, and have known them for years; the men are thieves and their wives are whores, and I can prove it." The charge here, so far as it relates to the plaintiff below, was literally, as well as substantially, identical with the proof, and the objection that the evidence did not support the count is not well taken.

Certain requests were made asking that the jury be instructed that the testimony of witnesses concerning the slander averred in the second count could not be applied to the first; and error is alleged upon their refusal. The court, if they were refused at all, must have refused them as separate charges because sufficiently covered by the charge given, which was much more explicit and intelligible for the same purpose than a charge in the language of the requests would have been.

The only other questions relate to the proof, which was admitted, of several repeated utterances of the same slander set up in the second count. These repetitions, although at different times and to different persons, were almost identical in language, and all related to the same thing.

The court refused to charge in accordance with the following request: "That in determining whether the defendant ever uttered or published the words charged in the declaration, the jury have no right to consider the testimony of any of the witnesses, except that of William Burk, Calvary Richmond, and Melvin D. Guthrie, as the testimony of all the other of the plaintiff's witnesses was only

offered or received to show malice." And an exception was based on the charge, because it did not exclude these proofs from consideration for the same reason.

The language of the request is open to criticism, as literally asking to have those proofs thrown out entirely, as they all bore upon the same slander. But the object was, undoubtedly, to raise the question how far, and for what purpose, such proofs may be used.

There has been much controversy in different courts and at different times, in relation to the admission of proof of other instances of defamation than those declared on. In some courts the declaration has been required to be very special. In others a much more general form has been allowed. The prevailing doctrine has long been that there should be no straining of any rule beyond reason, and that these cases should, like other actions of tort, be governed by such principles as shall be best calculated to work out substantial justice.

While there is a conflict concerning proof in aggravation, of distinct slanders, there is no considerable authority excluding evidence of any number of repetitions of the same slander. In some cases it is admitted to show malice, and it is said the jury must be cautioned not to give damages for the repetition. In others it is admitted broadly in aggravation of damages. It would be a useless labor to enumerate the many varying decisions.

There has been a great confusion in reasoning, but the idea underlying the better considered cases seems to be, that inasmuch as a separate action will lie for each slander, a plaintiff might multiply actions and get the same damages repeated, if he could use in each case slanders not declared on, by way of aggravation.

There is reason in this. But it is nevertheless manifest that if testimony is allowed to prove malice, its necessary tendency will be to aggravate damages. And some cases, upon this very principle, hold that when a charge is in itself malicious (as most slanderous charges must be), no

other proof should be allowed to show what is already beyond dispute.

It seems better and more reasonable, if this testimony is admitted at all, to receive it in such a way and on such conditions as will prevent injustice to either party. And we think, where the proof is given of repetitions of the same slander, there is no lack of authority to permit this.

The English cases, where such evidence of repeated slander has been received, allow it to have its full force in the enlargement of the damages. In a suit for a libel in a newspaper, where technically each copy sent to a subscriber is a distinct publication, the extent of the circulation has always been considered in estimating the damages.—*Gathercole v. Miall, 15 M. & W., 319.* The same rule is universal here.—See *Fry v. Bennett, 28 N. Y., 324.* In the case of *Brunswick v. Harmer, 14 Q. B., 185,* where a newspaper had published a libel more than six years before suit, and the case was made out by the purchase of a single copy within the six years, the court refused to confine the damages to the injury arising out of that single publication. In *Defries v. Davis, 7 C. & P., 112, Tindal, C. J.,* held that no evidence could be admitted which showed a separate cause of action, but said, evidence of a repetition of the same slander was admissible. In *Barwell v. Adkins, 1 M. & Gr., 807,* suit was brought on a libelous article in a newspaper, and on the trial the judge allowed proof of a second article published afterwards, re-asserting the same charges, and told the jury to take both paragraphs with them, " and give the plaintiff such damages as they considered he was entitled to under the circumstances." This ruling was maintained by the full bench, although the opinions, very briefly given, do not put it on as broad a ground as the other decisions.

In *Bodwell v. Swan, 3 Pick., 376,* a repetition of the same slander was admitted, and it was held different slanders could not be proved, on the express ground that damages would be given for them if admitted.

This case impliés what is more distinctly declared in some cases in New York, that the repetitions of the same charge are really the same slander, as the multiplied copies of a newspaper libel are the same libel, and that if they embrace the same language set out in the declaration, in whole or in any substantial part, a judgment on that declaration would be a bar to another action for any of those publications made before the suit. In *Root v. Lowndes, 6 Hill, 518, Bronson, J.,* uses this language: "When the plaintiff does not go beyond the words laid in the declaration, I see no reason why he may not show that those words have been spoken on a dozen different occasions, although there may be but one count in the declaration. If the defendant has told twenty persons, at as many different times, that the plaintiff is a thief, it cannot be necessary to insert twenty counts, precisely alike, for the purpose of enabling the plaintiff to prove all the conversations. Allowing the proof can work no injury to the defendant. He is advised by the declaration what words the plaintiff intends to give in evidence; and whether all the different occasions of speaking them are proved or not, the judgment will be a bar to another action."

This same doctrine is further explained and enforced in *Campbell v. Butts, 3 Comst., 174,* and in *Howard v. Sexton, 4 Comst., 157.* And its principle was relied on in *Rockwell v. Brown, 36 N. Y., 207,* where an action for libel was held barred by a judgment in an action for malicious prosecution, where the arrest was made under papers containing the libelous matter.

This principle appears just and sensible, and avoids the difficulty of drawing intangible distinctions, which no jury can appreciate, between allowing testimony of repetition of wrongs to bear upon an important element in a case, and yet not allowing damages except for the original wrongful act independent of the wrong done by the repetition. Such niceties are not to be favored, and should not be introduced where they can be avoided.

It was only the accident of calling one witness before another that would have prevented any one of the slanders proven, to have stood as the one to which defendant claims the recovery should have been confined. Any one of them would have made out a cause of action under the declaration. A justification of one would have answered them all. A future action for any of them is therefore barred.

The charge of the judge was very fair and temperate, and is not open to any exception.

The judgment must be affirmed, with costs.

The other Justices concurred.