## MARY E. PIXLEY *vs.* A. H. REED and another.

### June 12, 1879.

**Action for wrongfully suing out Attachment.**—An action for wrongfully causing an attachment to issue must be governed by the rules, so far as applicable, that apply to an ordinary action for malicious prosecution. The plaintiff in such action must allege and show that the attachment was vacated in the action in which it issued, or that he had no opportunity to make a motion to vacate it.

Action for damages for maliciously and without probable cause procuring the plaintiff's property to be seized on a writ of attachment in an action brought against her in the same court by the defendants, the writ having been issued on the affidavit of defendant Reed, which stated that she was about to dispose of her property with intent to defraud her creditors, which statement is charged in the complaint to have been false, and made without probable cause and maliciously. A general demurrer to the complaint was overruled by the district court for McLeod county, *Macdonald*, J., presiding, and the defendants appealed.

*L. M. Brown*, for appellants.

*S. L. Pierce* and *J. C. Edson*, for respondent.

GILFILLAN, C. J.   In this case no improper use of the attachment after it issued is alleged.   No excessive levy or unnecessarily harsh use of the writ is charged.   The action cannot be sustained as an action for abuse of legal process. Such was the character of the action in *Grainger* v. *Hill,* 4 Bing. N. C. 212, and *Page* v. *Cushing,* 38 Maine, 523.   Such an action is different from that for malicious prosecution.   The wrong here, if any, was in procuring the attachment to issue. The action is analogous to the ordinary action for malicious prosecution in a civil or criminal action, and it must be governed by the same rules, so far as applicable.   *Smith* v. *Story,* 4 Humph. 169.   It is not denied that a complaint for maliciously prosecuting an action must show that the action has terminated, and terminated in favor of the party who brings the action for malicious prosecution.   The right to bring the action complained of as malicious must first be tried, if the defendant in it has the opportunity, in that action.   When the act complained of is the procuring of process to issue, or the instituting of any proceeding other than an ordinary action, and the party may, in the action in which the process issued, or in the proceedings thus instituted, have it determined whether such process ought to have issued, or such proceedings ought to have been commenced, the reason for the rule exists as fully as in any case; and we find no authority to the effect that the rule does not apply to such cases.   It is otherwise where the party has no opportunity to controvert the facts made the basis for the process or proceeding.   *Steward.* v. *Gromett,* 7 Com. Bench, N. S., 191.   In the case of an attachment against property, issued in an action, the defendant, ordinarily, has, under the statute, an opportunity, by motion to vacate, to controvert the allegations on which it issued; and ordinarily, until the propriety of issuing it is thus tried, no action can be brought for procuring its issue.   It is not shown that this plaintiff could not have had it tried in this way.

Order reversed.