JOHN ROSSITER and another *vs.* MINNESOTA BRADNER-SMITH PAPER
COMPANY and another.

July 27, 1887.

**Action for Malicious Attachment — Sufficiency of Complaint.**— Complaint considered as setting forth as a cause of action the procuring and levy of a writ of attachment, maliciously and without probable cause; also as embracing a cause of action for the abuse of such process.

**Same—Averment of Vacating of Attachment.**—It is not necessary to the maintaining of the latter cause of action (as it is with respect to the former) that the attachment shall have been vacated, even though that might have been done on motion.

**Same — Vacating Attachment by Giving Bond—Municipal Court of Duluth.**—By the act creating the municipal court of the village of Duluth, proceedings upon attachment are in general such as are prescribed with respect to justices' courts. Hence (as in justice's court) the court had authority to vacate an attachment only upon bond being given as prescribed. It is unnecessary to seek to vacate the attachment by such means as a condition of maintaining an action for the malicious procuring and levy of the same.

Appeal by defendants from an order of the district court for St. Louis county, *Start*, J., presiding, (acting for the judge of the 11th district,) overruling a demurrer to the complaint.

*White, Shannon & Reynolds*, for appellants.

*S. L. Smith*, for respondents.

DICKINSON, J.[1]     The complaint demurred to sets forth, as a cause of action, the suing out and the levy of a writ of attachment against the plaintiffs' property, maliciously and without probable cause. It also embraces a cause of action for the abuse of such legal process, in that, while levying upon certain personal property under the writ, the defendants, conspiring to injure the plaintiffs and destroy their business, unnecessarily caused other property of the plaintiffs, which was by law exempt from levy, to be locked up, and the plaintiffs to be excluded from their place of business. So far as the latter cause

[1]Berry, J., because of illness, took no part in this case.

of action is concerned, it is immaterial that the writ of attachment was never vacated, even though the plaintiffs might have had it vacated by application to the court from which it was issued. *Grainger* v. *Hill*, 4 Bing. N. C. 212; *Page* v. *Cushing*, 38 Me. 523; Wood's Addison on Torts, 31.

With respect to the former alleged cause of action, the sufficiency of the complaint depends upon the question whether, under the statute creating the municipal court of the village of Duluth, (Sp. Laws 1885, *c.* 114,) that court had authority, upon motion of one against whose property a writ of attachment had been issued, to vacate the same. If there was such opportunity to secure the vacating of the writ upon motion, that was a prerequisite condition to the commencement of an action for the malicious suing out and levy of the writ. *Pixley* v. *Reed*, 26 Minn. 80, (1 N. W. Rep. 800.) If there was no such opportunity, the action is maintainable, although the attachment was never set aside. *Swensgaard* v. *Davis*, 33 Minn. 368, (23 N. W. Rep. 543.) Section 9 of the act provides, in respect to attachments, that "the service of the writ, and other proceedings thereon, shall be similar, as near as may be, to the service of such writ and proceedings in justices' court." In respect to justices' courts the law provides that attachments may be dissolved on motion if the defendant appears and pleads to the action, and gives bond to the plaintiff, as particularly prescribed, conditioned that, if judgment shall be rendered against him, he will pay the same. Gen. St. 1878, *c.* 65, § 110.

While other parts of the municipal court act give to that court, in general terms, the powers usually possessed by courts of record at common law, and the powers of our district courts, and make all laws of a general nature applicable to this court, where not inconsistent with this act, yet we are of the opinion that the specific provision above recited, conforming the proceedings upon an attachment to those applicable to justices' courts, controls in respect to that subject. We also think that the prescribed mode of securing a dissolution of attachment in justice's court excludes others, and hence that the plaintiffs could have had this attachment vacated only by giving a bond to pay the judgment. That being done, the attachment would be vacated as a matter of course. Such a proceeding for the dissolution

of the attachment would not involve a determination by the court. that the attachment had been granted without probable cause; and the fact that, upon the prescribed conditions to which reference has been made, the attachment might have been, but was not, vacated,. does not stand in the way of the prosecution of this action for the malicious suing out and levy of the writ.

Order affirmed.