S. S. THOMAS v. W. B. CRAIG.[1]

April 24, 1895.

No. 9039.

**Attachment—Appeal.**

An appeal from an order refusing to dissolve an attachment cannot be prosecuted after the attachment has been released by executing and filing the statutory bond for that purpose.

**Appeal—Costs.**

The costs incurred on this appeal up to the time of such release were trifling in amount, and this court will not hear and decide the appeal on its merits for the purpose of determining the right to such costs.

**Same.**

Each party has since proceeded with the appeal, instead of applying promptly to have it dismissed. *Held*, he has done so by his own folly, and is not entitled to any costs or disbursements thereby incurred, and on the court's own motion the appeal is dismissed, without costs or disbursements to either party.

Appeal by defendant from an order of the municipal court of Mankato, Schissler, J., denying a motion to dissolve an attachment.   Dismissed.

*Willard L. Comstock*, for appellant.

*Hughes, Rice & Hughes*, for respondent.

CANTY, J.   The plaintiff sued out a writ of attachment in this action, and caused it to be levied on the property of defendant, who moved to dissolve the attachment on the ground that the grounds of attachment stated in the affidavit of attachment are false.   The motion was heard on affidavits, and denied by the court below, and from the order denying the same defendant appeals.   Within a few days of the time of taking such appeal the defendant duly executed to plaintiff the statutory bond for releasing said attachment, which bond was approved by the judge, and filed, and the attachment released.   But whether those things were done before or after the taking of said appeal, it is impossible for us to tell from the confused and contradictory return and supplemental returns sent up

[1] Reported in 62 N. W. 1133.

by the clerk of the court below, who seems to have attempted to keep the date of filing the papers in his head, and not in his records. But whether the appeal was taken before or after said release of the attachment, it must be dismissed. The defendant cannot prosecute his appeal after the attachment has been thus released. Even if it was released after the appeal, there is nothing in this court to try except the question of the costs and disbursements which had been incurred up to that time. This court will not hear and decide this appeal on its merits for the purpose of determining the right to these costs. If each party has since proceeded with the appeal, and incurred costs and disbursements, he has done so by his own folly. He should have applied promptly to have the appeal dismissed.

Under the circumstances it is the duty of the court of its own motion to dismiss the appeal, without costs or disbursements to either party. So ordered.

---

Upon an application for a reargument the following opinion was filed:

CANTY, J. A motion for reargument is made on the ground that there was something more involved in this appeal than a question of costs. Appellant claims that he has a right to prosecute this appeal and have it determined on its merits for the purpose of being put in a position where he can institute a suit for malicious prosecution for the wrongful suing out of the attachment. This point was considered by the court before it ordered the appeal dismissed, and on the authority of Rachelman v. Skinner, 46 Minn. 196, 48 N. W. 776, it was determined that by releasing the attachment by giving the statutory bond appellant waived his right to prosecute a suit for wrongfully suing out the attachment. It does not seem to us that there is any sound reason for holding that the case is different where the motion to dissolve is made before instead of after the attachment is so released, and there is less reason why the defendant should be allowed to proceed in this court to dissolve the attachment after he has so released it, than there is why he should be allowed so to proceed in the court below to dissolve it after he has released it.