PATRICK COONEY *et ux. vs.* I. MARSHALL LINCOLN.

PROVIDENCE—JULY 12, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

In February, 1895, a married woman executed a release of all her claims arising from personal injuries received by her in November, 1894 (subsequent to her marriage), but her husband did not join with her in the instrument. Afterwards she brought her action to recover damages for said injuries, and, her release being specially pleaded in bar, the plaintiff demurred to the plea:—

*Held,* that at the time she executed her release she was legally competent to do so without the joinder of her husband.

The words *estate* and *property* are used in the statutes of Rhode Island in a broad sense, and include choses in action as well as property in possession.

The recent legislation of the State relating to the rights of married women, reviewed.

A husband has the right, unaffected by the course pursued by his wife, to maintain an action in his own name for the loss of her services caused by an injury to her resulting from the negligence of defendant's servant.

TRESPASS ON THE CASE to recover for personal injuries resulting from the negligence of defendant's servant. Certified from the Common Pleas Division and heard on plaintiff's demurrer to defendant's special pleas in bar.

ROGERS, J. Patrick Cooney and Ann, his wife, on April 18, 1896, brought an action of trespass on the case against the defendant to recover damages for personal injuries alleged to have been sustained by the wife, on November 7, 1894, by reason of the negligent driving of the defendant's servant. The defendant, in addition to the general issue, has filed two special pleas in bar in which he says *actio non,* because in substance he says: (1) That subsequently to the grievances complained of and before the bringing of this action, on, to wit, February 13, 1895, the said plaintiff Ann Cooney by her certain writing of release, sealed with her seal, &c., did remise, release and forever quitclaim unto the said defendant and one George Sherman, their heirs, executors and administrators, the said several grievances in the said declaration mentioned, and each and every one of them, and all actions, causes of action, debts, dues, claims and demands, both at law and in equity, which the said Ann Cooney ever had, then

had, or which she ought to have, for or by reason or means of any matter or thing from the beginning of the world to the day of the date of the said deed or writing of release; and (2) that after the happening of the several alleged grievances and before the bringing of this action, on, to wit, February 13, 1895, the said defendant (without George Sherman), to buy their peace and to satisfy said plaintiff Ann Cooney, paid to her the sum of $160 in full satisfaction and discharge of the said alleged grievances and injuries, and which said sum the said Ann Cooney then and there received from the said defendant (and said Sherman), in full satisfaction and discharge of the said alleged grievances and injuries. To these special pleas in bar the plaintiffs demurred, and for cause of demurrer say that the said Ann Cooney, at the time of receiving the injuries complained of, and upon the date of the said release mentioned in said pleas, was the wife of the said plaintiff Patrick Cooney; and the giving of the said release by her, executed by herself and not by her said husband, was not in law a legal and full release of the present cause of action and is no bar whatever to the plaintiff's maintaining this action.

The sole question for determination, then, is—was Ann Cooney, a married woman, competent in law on February 13, 1895, to release, without the joinder of her husband, the causes of action in tort for injuries sustained by her personally that occurred subsequent to her marriage?

The law of Rhode Island, both at the date of the alleged injury to Mrs. Cooney and of her release, provided that the real estate, chattels, real and personal estate which are the property of any woman before marriage, or which may become the property of any woman after marriage, or which may be acquired by her own industry, shall be absolutely secured to her sole and separate use. Neither the same, nor the rents, profits or income of the same, nor any part thereof, shall be liable to be attached or in any way taken for the debts of the husband either before or after his death; and upon the death of the husband in the lifetime of the wife, shall be and remain her sole and separate property; and said

provisions were likewise applicable to the proceeds of any such property sold. Pub. Stat. R. I. cap. 166, § § 1, 2. In March, 1884, the law was amended so that in all cases the sole and separate receipt, order or discharge of the wife for the payment and delivery to her, or to any person upon her order, of her own property, including moneys on deposit or due, or owing to her in or from any savings bank or institution for savings, or other person whosoever, whether secured by mortgage or otherwise, shall be a sufficient discharge therefor, and she might in her own name or by her own separate deed discharge any such mortgage or security therefor. Pub. Laws R. I. cap. 399, p. 131, passed March 21, 1884. In May, 1892, the law was still further amended so that any married woman might sell and convey any of her personal estate in the same manner as if she had been single and unmarried, and might make contracts respecting the sale and conveyance thereof, with the same effect, and with the same rights, remedies and liabilities, as if she were single and unmarried, but nothing in said amendment was to be construed as to authorize any married woman to transact business as a trader. Pub. Laws R. I. cap. 108, p. 211. In May, 1893, the General Assembly enacted that any married woman might make any contract whatsoever, the same as if she were single and unmarried, and with the same rights and liabilities. The husband did not have to join in his wife's deed of real estate even, excepting to convey his interest as tenant by the curtesy, and it was provided that the property secured to the married woman should be liable to attachment or levy for her debts and liabilities under the same circumstances and with the same effect as if she had continued sole and unmarried. Pub. Laws R. I. cap. 1204, p. 352, passed May 26, 1893.

It would seem that the language of the statutes of the State was sufficiently clear and explicit to exclude all doubt as to the intention of the legislature in regard to giving the wife the exclusive and untrammelled management of her property. Though the statute required husband and wife to sue and be sued jointly as to her property in certain cases

until a later amendment, yet this in no way excluded her power to make contracts and conveyances without her husband, and this legislative solecism was doubtless due to legislative oversight.

In some States, it is true, as narrow a definition as possible has been given to the words *property* or *estate*, when dealing with married women, and a distinction has been sought to be drawn between things in possession and things (or choses) in action, between property and a claim to property. Our statute law, in our opinion, uses the words *estate* and *property* in an extremely broad sense, and includes choses in action as well as property in possession. Bouvier in his Law Dictionary, in defining the word *estate*, says : "In its most extensive sense, it is applied to signify everything of which riches or fortune may consist ;" and Austin, in his Jurisprudence, vol. 2, 754, in criticising Blackstone, says : "The word *property* is a term of exceedingly complex meaning, comprising a vast variety of rights, and he" (Blackstone) "includes under it all the rights over real and personal property which are described in his second volume."

In statutes very similar to ours in Michigan and Illinois it has been held that damages in tort actions for injuries to the wife after marriage, when recovered will become her individual property, which she can release before judgment, or appropriate afterwards. *Berger* v. *Jacobs*, 21 Mich. 215 ; *Chicago, Burlington & Quincy R. R. Co.* v. *Dunn*, 52 Ill. 260. See also *Leonard* v. *Pope*, 27 Mich. 145. Though at the time of the release made by Mrs. Cooney her husband may have had to join in bringing an action for sake of conformity to the statute, yet in our opinion her sole release would have discharged the cause of action in which the wife was interested. For injury sustained by the husband for loss of service, etc., he can, of course, maintain an action in his own name unaffected by the course pursued by the wife.

The demurrer is overruled, and case remitted to the Common Pleas Division for further proceedings.

*Charles E. Gorman and James T. Eagan*, for plaintiffs.
*Dexter B. Potter*, for defendant.