EDWARD S. BRADFORD *vs.* OLD COLONY RAILROAD COMPANY.

Suffolk.     January 13, 14, 1902. — March 1, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Tide water*, Compensation for displacement.     *Statute*, Construction.

*Semble*, that the provisions of Pub. Sts. c. 19, § 14, requiring compensation for tide water displaced by structures or filling below high water mark, apply only to structures voluntarily erected under some authority or license, *but*, however that may be, those provisions are not applicable to the displacement of tide water by the Old Colony Railroad Company in performing its part of the requirements of St. 1897, c. 519, providing for the abolition of the grade crossing of Dorchester Avenue in Boston and the railroad of that company.

CONTRACT by the treasurer of the Commonwealth under Pub. Sts. c. 19, § 15, to collect an assessment of $17,250 made by the harbor and land commissioners for tide water displaced by the Old Colony Railroad Company in filling flats and erecting structures in South Bay in Boston Harbor pursuant to a decree of the Superior Court confirming a report of commissioners appointed under St. 1897, c. 519, providing for the abolition of the grade crossing of Dorchester Avenue in Boston and the road of the defendant.     Writ dated November 9, 1901.

The case was heard by *Barker*, J., upon the defendant's demurrer to the declaration. It was admitted by the plaintiff, that no notice was given to the defendant by the commissioners that it might appear and be heard upon the matter of the

assessment, and that the commissioners do not give such notice to parties to be assessed by them for displacement of tide water. The justice reserved the case for the consideration of the full court upon the demurrer and this admission.

*F. H. Nash,* Assistant Attorney General, for the plaintiff.

*J. H. Benton, Jr.,* for the defendant.

HAMMOND, J. A careful study of the statutes providing for compensation for displacement of tide water in Boston harbor by structures would seem to indicate that they apply only to structures voluntarily erected under some authority or license. Sts. 1866, c. 149, § 4; 1869, c. 432; 1872, c. 236; 1874, cc. 284, 347; 1878, c. 74. Pub. Sts. c. 19, § 14. Such a construction seems to follow from the language of the statutes and from the peculiar nature of the manner in which compensation may be exacted.

But whether that be so or not, we are of opinion that the provisions of Pub. Sts. c. 19, § 14, are not applicable to the displacement caused by the work done under St. 1897, c. 519. Section 1 of this last statute, after reciting that commissioners had theretofore been "appointed by the superior court . . . upon the petition of the mayor and aldermen of the city of Boston to consider the abolition of the grade crossing of Dorchester avenue and the railroad" of the defendant company, provided that they should "prescribe the details for the abolition" of the crossing by re-locating the part of the railroad and by changing the grade of certain streets, "all substantially as shown upon" a certain plan therein particularly described.

Section 2 provided that the defendant should construct the part of the railroad so re-located, and that the city of Boston should raise the grade of the streets, all as thus prescribed, and that with certain exceptions, not here material, the cost of the work should be paid as follows, namely, twenty per cent by the Commonwealth, fifteen per cent by the city of Boston, and the rest by the defendant.

It appears from the declaration in this case that the details were prescribed by the commissioners as thus required; that their report was confirmed by a decree of the court, and that, pursuant to the decree, the defendant erected structures in tide water below high water mark, and thereby caused the displace-

ment of tide water for which compensation is sought in this action.

It thus appears that the work was done in accordance with an express command of the Legislature and in the interest of the public security and convenience. It was a necessary result that tide water should be displaced. The cost of the work was to be paid by the State, the city and the defendant, in the manner specifically set forth. To hold that compensation for displacement of tide water is a part of the cost is to make the Commonwealth ultimately liable for twenty per cent thereof. To hold that it is not to be regarded as a part of the cost and is to be thrown entirely upon the defendant is to take from the cost an item which was as much a necessary part of such cost as any other item, and is to change the proportion of the cost for which under the statute the defendant is answerable.

Neither horn of this dilemma seems to us reasonable. In view of the history and general nature of the statutes relating to compensation for displacement of tide water, the public and imperative nature of this particular work and the unreasonable result to which any other conclusion leads, it seems clear that the only reasonable interpretation of this statute is that compensation for tide water displaced was not within its contemplation, either as a part of the cost to be assessed under the statute, or as an additional expense to be borne by the particular party to which was given the command to do that part of the work which caused the displacement.

*Judgment for the defendant.*