N. I. JOHNSON v. C. G. DOSLAND.[1]

January 17, 1908.

Nos. 15,437—(167).

**Election—Moot Question.**

Contests for nomination as candidates for election to public office must be brought to trial and final determination before the general election at which the office contended for is to be filled by the electors, and the courts will not, where no questions of general public importance are involved, hear or determine them after the general election has been held.

**Same—Rejecting Ballot.**

Electors voting for a candidate whose name appears upon the official ballot as the regular nominee will not be disfranchised by rejecting their ballots on the ground that the candidate's nomination was secured by unlawful means.

Appeal by the contestant N. I. Johnson, from an order of the district court for Clay county, Grindeland, J., acting as judge of the Seventh judicial district, denying a motion to amend findings of fact and conclusions of law, except that part of the motion which seeks to strike out the following: "That the contestee C. G. Dosland recover of said N. I. Johnson his costs and disbursements herein." Appeal dismissed without costs or disbursements to either party.

*F. H. Peterson* and *Edwin Adams,* for appellant.
*C. A. Nye* and *Chas. S. Marden,* for respondent.

BROWN, J.

Contestant and contestee were rival candidates at the primary election in September, 1906, for the Republican nomination for county attorney of Clay county. On the face of the returns contestee received a majority of the votes cast and was duly declared the nominee. Thereupon contestant commenced proceedings, as provided by statute, to contest the election, alleging as a basis therefor several grounds, among others, that gross frauds were committed at one or more of the precincts in the city of Moorhead, the result of which gave contestee a

[1] Reported in 114 N. W. 465.

majority of the votes. The contest came on for hearing and trial in the court below prior to the November election, and resulted in an order for judgment that contestee received a majority of the legal votes cast for the office, and he was awarded the nomination. Thereafter, in compliance with the statutes on the subject, the official ballots for the general election were prepared, printed, and distributed, upon which the name of contestee appeared as the Republican nominee for the office referred to. Of the votes cast at that election, contestee received 1,419, and contestant, whose name was written on the official ballot by a large number of electors, received 1,171 votes. Contestee was declared elected, thereafter duly qualified, and entered upon the discharge of the duties of his office. The decision of the court determining the contest for the nomination was made and filed on October 27, 1906. Thereafter, but subsequent to the general election, on November 17, 1906, contestant moved the court to amend in several respects the findings of fact contained in the order determining the contest, which, had they been made, and the motion granted, would have given contestant a majority of the primary votes. This motion the court denied on May 6, 1907. The court, however, by the order denying the motion, ordered struck from the former decision the clause awarding to contestee the costs and disbursements of the contest. Thereafter, on August 5, 1907, nearly a year after the election, formal judgment was entered in the contest proceedings awarding the nomination to contestee, but without costs or disbursements. Contestant appealed from this judgment.

The appeal presents no real or substantial controversy, and we dismiss it on our own motion. The only matters presented by the assignments of error relate to the question whether the court below rightly determined the contest proceedings. The nomination was awarded to contestee, his name went upon the official ballots prepared for the general election, and he received a majority of all the votes cast for the office. The election has passed into history, is a closed event, and, whether contestee was in fact legally entitled to the nomination or not, it was awarded to him by the court, and he was elected at the general election—a result which cannot now be questioned for defects in his nomination. No questions of public importance are presented, no costs

or disbursements are involved, and, within the rule often applied, we decline to consider the merits of the appeal. Babcock v. Banning, 3 Minn. 123 (191); Thomas v. Craig, 60 Minn. 501, 62 N. W. 1133; Dunnell, Minn. Pr. 1912.

But it is urged by appellant, contestant, that the appeal should be heard and the merits of the controversy determined, for the reason that if the judgment awarding the nomination to contestee be reversed, and it be held that the nomination should have been given to contestant, the designation of contestee on the official ballot at the general election as the regular nominee was unlawful, that the votes cast for him should for that reason be rejected, and contestant declared elected, because he had 1,171 unquestioned legal votes.

We cannot concur in this contention. To sustain it would inject into our election proceedings uncertainty and confusion and result in no substantial public benefit. The contestee's name went upon the official ballot under order of the court and the sanction of the law, and the authorities do not support the suggestion that the election may be overturned and electors disfranchised, long after the election is past and the result thereof acted upon by those interested, for irregularities, or even fraud, in nominating conventions or primary nominating elections. Contests for nomination as party candidates for public office must be settled before the general election, and, when not, those whose names go upon the official ballots as the regular nominees are entitled to all benefits therefrom, whether they, perchance, could have been in contest proceedings ousted of the right or not. The question recently came before the supreme court of Wisconsin, and was there determined in harmony with this view. State v. Bunnell, 131 Wis. 198, 110 N. W. 177; State v. Goff, 129 Wis. 668, 109 N. W. 628, 9 L. R. A. (N. S.) 916. See, also, Stackpole v. Hallahan, 16 Mont. 40, 40 Pac. 80, 28 L. R. A. 502; Baker v. Scott, 4 Idaho, 596, 602, 43 Pac. 76; State v. Elliott, 17 Wash. 18, 23, 48 Pac. 734; Blackmer v. Hildreth, 181 Mass. 33, 63 N. E. 14; Bragdon v. Navarre, 102 Mich. 259, 60 N. W. 277. A reversal of the judgment would therefore avail nothing to appellant, either in this or any other proceeding brought to test the right of respondent to the office in question, and

we dismiss the appeal without a consideration of the merits of the questions presented.

As respondent made no motion to dismiss or to affirm the judgment, but proceeded with the case in this court as though a real controversy was involved, we apply the rule laid down in Thomas v. Craig, supra, and dismiss the appeal, without costs or disbursements to either party.

It is so ordered.