## WILLIAM FURST, AS TRUSTEE, v. W. B. & W. G. JORDAN AND OTHERS.[1]

April 11, 1919.

No. 21,330.

**Malicious attachment — pleading and proof.**

1. To maintain an action for malicious attachment, the plaintiff must allege and show that the attachment was vacated in the action in which it issued on the ground that it was unwarranted by the facts, or that he had no opportunity to make a motion to vacate it.

**Same — when action does not lie.**

2. If he could have traversed affidavit and tested the validity of the attachment in the original action and failed to do so, he cannot maintain an action for malicious attachment, although the attachment may have been vacated by giving the statutory bond or by proceedings in bankruptcy.

Action in the district court for Hennepin county to recover $9,500 for malicious attachment. The answer was a general denial. The case was

1Reported in 171 N. W. 772.

tried before Dickinson, J., who granted defendants' motion for a directed verdict. From the judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*Chester W. Johnson,* for appellant.

*Lancaster & Simpson* and *James E. Dorsey* for respondents.

TAYLOR, C.

The defendant sued out a writ of attachment against Alfred L. Shol and Martin Pahl, copartners as Shol & Pahl, and caused a levy to be made thereunder on July 3, 1917. Thereafter Messrs. Shol and Pahl, on their voluntary petition, were adjudged bankrupts, and, on August 3, 1917, plaintiff was appointed as trustee of their property and assets. Alleging that the attachment was wrongful and malicious, plaintiff as trustee brought this action for damages. At the trial the court directed a verdict for defendants on the ground that plaintiff conceded that no steps had ever been taken to vacate the attachment and that it still remained in force unless vacated by the bankruptcy proceedings. Judgment was entered on the verdict so directed and plaintiff appealed therefrom.

Plaintiff contends: (1) That an action for malicious attachment can be maintained although the attachment has not been vacated; (2) that if it be necessary to vacate the attachment before bringing such an action, that rule does not bar the present action for the reason that the attachment in question was vacated by the adjudication in bankruptcy.

1. It is held in some jurisdictions that an action for malicious attachment may be maintained without first procuring the vacation of the attachment. Brand v. Hinchman, 68 Mich. 590, 36 N. W. 664, 13 Am. St. 362; Cadwell v. Corey, 91 Mich. 335, 51 N. W. 888; Fortman v. Rottier, 8 Oh. St. 548, 70 Am. Dec. 606. But many years ago this court adopted the rule that in order to maintain such an action the plaintiff must allege and show that the attachment was vacated in the action in which it issued as unwarranted by the facts, or that he had had no opportunity to make a motion to vacate it, and has consistently adhered to the rule so announced. Pixley v. Reed, 26 Minn. 80, 1 N. W. 800; Rossiter v. Minnesota Paper B.-S. Co. 37 Minn. 296, 33 N. W. 855; Rachelman v. Skinner, 46 Minn. 196, 48 N. W. 776; Thomas v. Craig,

60 Minn. 501, 62 N. W. 1133. For cases in other jurisdictions sustaining this rule see note in 68 Am. St. 266. We see no sufficient reason for departing from it.

2. Plaintiff contends that all attachments made less than four months prior to the adjudication of bankruptcy were vacated by such adjudication without other or further action, unless continued in force at the instance of the trustee. Whether such is the effect of the adjudication is not free from doubt. The construction given to the bankruptcy law by the Federal courts is of course controlling. The circuit court of appeals for this circuit has held that a levy under legal process, although made less than four months prior to the adjudication, remains in force until it is proven that the bankrupt was insolvent at the time the levy was made. Stone-Ordean-Wells Co. v. Mark, 227 Fed. 975, 142 C. C. A. 433. On the other hand circuit courts of appeal from other circuits have held that the adjudication of bankruptcy ipso facto vacates such a levy, unless continued at the instance of the trustee. In re Richards, 96 Fed. 935, 37 C. C. A. 634; Cook v. Robinson, 194 Fed. 785, 114 C. C. A. 505; In re Southern Arizona Smelting Co. 231 Fed. 87, 145 C. C. A. 275. But if we assume that the adjudication of bankruptcy operated to vacate the levy, still such a vacation thereof did not put plaintiff in position to maintain this action. It is settled in this state that where the defendant in an attachment can traverse the affidavit and test the validity of the attachment in the action in which it issued, he cannot maintain an action for malicious attachment until he has afforded the attaching creditor an opportunity to prove his charges in the original action, and has had the attachment dissolved for failure to make such proof. If he procures the discharge of the attachment in some other manner, as by giving the statutory bond, an action for malicious attachment will not lie. Rachelman v. Skinner, 46 Minn. 196, 48 N. W. 776; Thomas v. Craig, 60 Minn. 501, 62 N. W. 1133; Rossiter v. Minnesota B.-S. Paper Co. 37 Minn. 296, 33 N. W. 855. In the instant case, the attachment defendants could have traversed the affidavit and made a motion to vacate the attachment in the original suit. Had they done so, the burden would have been on the attaching creditors to prove the facts stated in the affidavit. Jones v. Swank, 51 Minn. 285, 53 N. W. 634; Schoeneman v. Sowle, 102 Minn. 466, 113 N. W. 1061. And fail-

ure to prove such facts would have resulted in the dissolution of the attachment. Instead of attacking the attachment, the attachment debtors filed a voluntary petition in bankruptcy, and were adjudged bankrupts. Conceding that this vacated the levy, it did not determine that the writ was invalid or wrongfully issued, and the situation is similar to that considered in Rachelman v. Skinner and Thomas v. Craig, supra, in which the attachment had been vacated by giving the statutory bond.

Under the doctrine of those cases, no right of action has accrued either to the attachment defendants or to plaintiff, and the court was correct in so ruling.

Judgment affirmed.