Mary E. MURPHY, individual and as trustee for the heirs of Gary K. Murphy, Appellant,

v.

MILBANK MUTUAL INSURANCE COMPANY, Respondent,

Kemper Insurance Company, Respondent.

Nos. C4–83–1439, C0–83–1499.

Court of Appeals of Minnesota.

March 7, 1984.

David Sandberg, Forest Lake, for appellant.

Sally Holmgren, Minneapolis, for Milbank Mut. Ins. Co.

Mark Pfister, Minneapolis, for Kemper Ins. Co.

Considered and decided by POPOVICH, C.J., PARKER and WOZNIAK, JJ., without oral argument.

## MEMORANDUM OPINION AND ORDER

POPOVICH, Chief Judge.

### FACTS

By order dated January 5, 1984, this Court sua sponte dismissed the appeal in Case No. C4–83–1439 and C0–83–1499 because: a) the orders appealed from were nonappealable; b) the notice of appeal was not timely filed; and c) the Supreme Court had denied discretionary review September 30, 1983.

After dismissal, respondent, Kemper Insurance Company, petitioned for costs and disbursements consisting of: 1) costs pursuant to Civil Appellate Procedure Rule 139.01(2): $10.00; 2) printer's cost for brief of $346.98; 3) for a total of $356.98.

Murphy opposes the petition on the ground that the printer's cost for the brief is not an allowable disbursement under Minn.R.Civ.App.P. 139.02, arguing that a prevailing party cannot tax the cost of informal briefs; that the rule does not require briefs be formally printed; and that cost of formally printing Kemper's brief was unnecessary.

Milbank opposes Kemper's petition arguing that Kemper filed a notice of review seeking review of the trial court's order denying Kemper's motion to stay arbitration; that the Court did not affirm or modify any part of the order dismissing on other grounds; and that Kemper is not a prevailing party and is not entitled to reimbursement for costs and disbursements.

### ISSUE

Is respondent, Kemper Insurance Company, a prevailing party and entitled to tax costs and disbursements?

### ANALYSIS

■ 1. Only a "prevailing party" is entitled to tax costs and disbursements in an appeal. *See,* Minn.R.Civ.App.P. 139.01–139.03. In *Village of Blaine v. Independent School Dist. No. 12,* 265 Minn. 9, 24, 121 N.W.2d 183, 194 (1963), the Supreme Court defined a prevailing party:

Generally, the appellant prevails if he secures a reversal or modification of the order or judgment from which the appeal is taken, and the respondent prevails if he secures affirmance without modification.

2. In *Village of Blaine,* the Supreme Court neither affirmed, reversed, nor modified the lower court's order, but instead remanded the matter for trial on its merits. Under these circumstances, the Supreme Court held that neither party can be considered the prevailing party.

3. This Court dismissed the appeal in Case No. C4–83–1439 and C0–83–1499 for the reasons previously stated. This Court neither affirmed, reversed or modified the lower court's order. We did not address the substantive issues raised in the appeals. The Court's sua sponte dismissal was on procedural grounds unrelated to the substantive issues of the appeals.

4. In *Thomas v. Craig,* 60 Minn. 501, 62 N.W. 1133 (1895), the Supreme Court said the parties had improperly appealed, and

failed to apply promptly for a dismissal. The court dismissed the appeal on its own motion, without costs and disbursements to either party.

## DECISION

Under these circumstances, neither Kemper or any other party can be considered a "prevailing party" under Rule 139.01–139.03.

Kemper's petition for costs and disbursements is denied.