LOUISE C. PROCTOR v. ISAAC HOUGHTALING.

*Justification of Slander.*

No one can be justified in repeating a slander unless on such evidence as legitimately tends to establish its truth.

The only issues in an action of slander are its publication and justification.

37 MICH.—6.

Where there is no justification for slander, there may be matters in mitigation, but as these form no absolute defense, they are not put in issue.

A slanderous remark that is not proved must be held false, and the party guilty of it cannot rely in mitigation upon facts that had nothing to do with his belief when he uttered it.

The office of a notice attached to a plea is to present tangible issues, and not to introduce matters that form no part of the issue. It cannot make them relevant or material.

Under Comp. L., § 6192, the mere failure of a *bona fide* attempt to justify a slander by evidence fairly tending to support it, does not leave malice to be inferred from the allegations of the plea and notice; neither does the statute permit irrelevant slanders to be put in evidence by way of a colorable justification.

One's character for chastity can only be assailed by testimony of general reputation, and not by proof of particular acts or particular suspicions.

A witness to the uttering of slanderous words cannot testify that he had heard the same and similar remarks extending over a period not limited to the time before the slander, and not shown to have led to the defendant's belief in the truth of what he had said.

A witness called to prove the speaking of slanderous words upon which suit was brought, was required on cross-examination to state the following remark of the plaintiff's: "God knows if H. [the defendant] beats me in this trial I am going to carry it up higher. I am going to beat him, and I hope I will; then he will have to move out and I take possession of the premises." *Held* error for irrelevancy, though it might, perhaps, have been proper cross-examination of the plaintiff if on the witness stand.

Testimony that a certain witness had sent defendant a message offering to clear him for a sum of money, is irrelevant to the main issue, though it would be proper on cross-examination of the witness himself.

Error to Branch.   Submitted June 6.   Decided June 12.

TRESPASS ON THE CASE for slander.   The facts are in the opinion.

*Loveridge & Barlow* and *Upson & Thompson,* for plaintiff in error, to the irrelevancy of plaintiff's threats, cited *Hamilton v. People,* 29 Mich., 180; *Porter v. Henderson,*

11 Mich., 20; *Moyer v. Pine,* 4 Mich., 409; and of corrupt offers of witness, 1 Greenl. Ev., § 52; *Fletcher v. R. R. Co.,* 1 Allen, 9; and of specific acts of misconduct on the part of plaintiff, 2 Greenl. Ev., § 421; evidence as to plaintiff's character should state her general reputation, not particular acts, 1 Greenl. Ev., § 55; *Stone v. Varney,* 7 Metc., 94; *Leonard v. Allen,* 11 Cush., 241; and evidence of the currency of similar slanders, without limiting it to a period before the slander sued on, is inadmissible, *Farr v. Rasco,* 9 Mich., 353; *Burt v. McBain,* 29 Mich., 260; in collateral matters the defendant is bound by the testimony of a witness, and cannot contradict him, *Dunn v. Dunn,* 11 Mich., 284; *Fisher v. Hood,* 14 Mich., 189; *Com. v. Buzzell,* 16 Pick., 157-8; 1 Greenl. Ev., §§ 449, 462.

*Bowen & McGowan* and *John B. Shipman,* for defendant in error, to the admissibility of specific acts of misconduct by the plaintiff, cited *Farr v. Rasco,* 9 Mich., 353; *Huson v. Dale,* 19 Mich., 36; *Cresinger v. Reed,* 25 Mich., 450; Townsh. Slander, § 21J, n. 4. It is enough if the substance of the slander be justified, Townsh. Slander, § 213; and circumstantial evidence is sufficient to support it, 2 Greenl. Ev., § 40.

CAMPBELL, J. Plaintiff sued defendant for verbal slander, charging her with adultery and with being a woman of gross unchastity. The defendant pleaded the general issue and gave notice of justification, which contains a number of charges against plaintiff, none of which are specific or issuable allegations of misconduct such as was charged in the slanderous accusations. The notice undertakes to set up a number of facts not amounting to criminality, but claimed to be such as would warrant suspicions of it. The charges of actual misconduct are of a vague character and contain no element of certainty whatever.

Upon the trial several items of evidence were introduced against objection, and complaint is also made of some other rulings of the circuit judge. Several of the items objected to may be classed together, and reference will be made to such as are important.

One William Davis having been called for the single purpose of proving the speaking by defendant of slanderous words set forth in the declaration, was allowed and required on cross-examination to state a remark of plaintiff's to the following effect: "God knows if Houghtaling beats me in this trial 1 am going to carry it up higher. I am going to beat him, and I hope I will; then he will have to move out and I take possession of the premises." Such a matter might perhaps have been proper cross-examination of the plaintiff, had she been a witness, but it had no relevancy whatever to the issue on either side, which involved only the slander, and its justification. We can imagine no ground for its admission at all, and especially on cross-examination of this witness.

A witness John Houck having proven the uttering of slanderous words declared on, alleging habitual adultery with one Tinklepaugh, was asked on cross-examination, "Have you heard the same remarks from others?" and answered, "I have heard a considerable number, extending over the last two years. The same and similar remarks."

This was erroneously admitted. It was an attempt to prove by hearsay the facts in controversy. It was not confined to the time previous to the slander, and it was not sought in any way to be connected with the defendant as having led to his belief in the charges he made, which was one of the grounds urged on the argument. Neither can the character of plaintiff for chastity be assailed by that class of testimony. Nothing but general reputation is allowable for such a purpose. It cannot be attacked by proof of particular acts or particular suspicions. This doctrine is elementary. There is therefore, no ground on which the reception of this testimony was justifiable.

In this connection it may be proper to refer to a large class of testimony of particular acts of plaintiff which were introduced to throw suspicion upon her. These consisted of plaintiff's riding and visiting with various persons, and remarks made by plaintiff which were not proper, and acts of familiarity with different persons. The court admitted these things, and said "that evidence of previous familiarity or

acts of illicit intercourse with individuals would be fairly admissible whether contained in the notice or not."

Nothing can be clearer than that the office of a notice is to present tangible issues, and not to introduce matters which form no part of the issue. Matters cannot be made relevant merely by insertion in a notice. That which would be immaterial in a plea cannot be material under any form of issue. In an action of slander there can only be two issues,—one of its publication and the other of its justification. Upon the trial, where there is no justification, there may be matters in mitigation, but these are not put in issue because they form no absolute defense.

It would be very dangerous to allow issues to be made on the trial concerning specific acts of the plaintiff, or specific rumors, or charges against her not going to the direct issue in the cause. She could have no means of defense against malicious fabrications which are by no means unusual in such cases, and the reputation of the purest persons could easily be ruined or damaged by allowing free scope to such testimony. As has often been remarked, the general reputation of any one may be expected to be within the knowledge of attainable witnesses at all times, but it would be impossible to be prepared for all the particular slanders which perjured and malicious witnesses might invent. A large mass of such rubbish has been introduced into this case, without any respectable authority to maintain its reception. The practice is not to be commended.

We have also been unable to discover any relevancy in the testimony concerning a message sent by one of the witnesses to defendant, offering to clear him for two hundred dollars. While proper on the cross-examination of that witness it was a collateral inquiry on which no others could be questioned.

The court being asked to charge in substance that a plea of justification must be specific and must be clearly proved, qualified it by saying: "Still, if the evidence falls short of proving the commission of the crime, the jury may still consider the circumstances as tending to show that the defendant had probable cause to believe the charge to be true, and to

lessen the character of plaintiff, and reduce the amount of the damages."

This language is misleading. Under our statute the mere failure to prove a justification is not sufficient to create an inference of malice from the plea or notice. If there is actual good faith in attempting to prove the justification, and the testimony fairly tends to proving the charge, the defendant is not now held culpable for the attempt, though it fails.

But no one can be justified in repeating a slander unless upon such evidence as legitimately tends to establish its truth, although it may be rebutted or fall short of absolute certainty. And if the justification is in fact only colorable, and the testimony is only introduced for the purpose of casting suspicions which it has no tendency to confirm, or which could not establish the defense under color of which it is introduced, such a course would not be deserving of favor and might in some cases be found malicious. The language of the court, especially in view of the class of evidence received in this case, had some tendency to mislead the jury into supposing that all such testimony was of some legal force, whether connected or · not with such proofs as would have made out a defense, and that they could lawfully act upon suspicions alone.

This certainly is not allowable. Such matters brought home to the defendant as a reasonable ground for his belief in the truth of his charges, would, if believed, have force in mitigation. But where the charges are false, as they must be held when not proved, he cannot rely in mitigation on what had nothing to do with his original belief when he uttered the slander. And the character of the plaintiff cannot be affected properly by any proof of specific facts that does not clearly show that she has misconducted herself in some way analogous to the charges against her. While the statute was designed to prevent a party from being punished for attempting to justify what he has reason to believe was justifiable, it was not intended to allow actual malice to have full scope in retailing irrelevant slanders. .

We think the language of the court was not sufficiently

guarded, and was evidently based on the idea set forth in previous rulings, that specific facts of a discreditable nature were of themselves legitimate evidence.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.