Filed October 31, 1895.

---

No. 1,620.

## PETERSON *v.* MURRAY.

SLANDER.—*Whore, What Constitutes.*—A single act of illicit sexual intercourse does not, in all cases, constitute a woman a whore. For instructions refused on such questions, see opinion.

From the Newton Circuit Court.

*J. D. Brown* and *Allen & Chamberlain*, for appellant.

*D. Fraser* and *W. H. Isham*, for appellee.

LOTZ, J.—The appellee sued the appellant to recover damages for slanderous words spoken. It was alleged that the defendant called the plaintiff a whore.

The answer was in two paragraphs; first, a general denial; and, second, justification, that prior to the speaking of the words the plaintiff had illicit carnal connection with divers persons.

The cause was tried by a jury, which returned a general verdict, assessing plaintiff's damage in the sum of $300.00, on which judgment was rendered.

The only assignment of error is the overruling of appellant's motion for a new trial. It is insisted that the court erred in refusing to give certain instructions asked by appellant, and that the verdict is contrary to the law.

The instructions asked and refused are as follows:

"5. If you find that the defendant spoke the words alleged in the complaint, and you also find that at the time said words were spoken, the plaintiff prior to the speaking thereof had sexual intercourse with some person not her husband, then I say to you that the plaintiff would be a whore, and your finding should be for the defendant.

"6. If you find that the defendant spoke the alleged slanderous words as charged in the complaint, or words of similar import, and that prior to the speaking thereof the said plaintiff had sexual intercourse with one Sam Murray, who was not then her husband, but who afterwards married the plaintiff, then I instruct you that the plaintiff would be a whore, and you should find for the defendant.

"7. I charge you that any act of sexual intercourse between a married female and a male person not her husband, or between an unmarried female and a male person, is whoredom; and if the plaintiff has committed

a single act of this kind, then I say to you that she would be a whore, and if you so find from all the evidence and circumstances in this case, then your verdict should be for the defendant." * * * . * * * *

"11. The court further instructs the jury that if you find from the evidence that the plaintiff at the time of her marriage with Robert M. Snyder was pregnant with child, and that such pregnancy was the result of sexual intercourse while she was an unmarried woman, then in law she would be guilty of whoredom and she cannot recover in this case, and your verdict should be for the defendant.

"12. The court further instructs the jury that if you find from the evidence that the plaintiff at the time of her marriage with William Reynolds was an unmarried woman and pregnant with child, then the law in such case would be that she was guilty of whoredom, and if you so find your verdict should be for the defendant.

"13. The court instructs the jury that if you find from the evidence that since the marriage of the plaintiff and Samuel Murray the plaintiff has had sexual intercourse with any person other than her husband, such conduct would render her guilty of whoredom, and she could not recover in this case."

These instructions require us to determine whether or not a single act of illicit sexual intercourse constitutes a woman a whore.

The facts assumed in each of these instructions are treated as an absolute bar of a recovery under the second paragraph of the answer, and are not treated in mitigation of damages. If one seeks to justify slanderous words spoken of another, the justification must be as broad and comprehensive as the charge. *Tull* v. *David*, 27 Ind. 377. To justify the appellant's slander-

ous words the appellee must have been a whore at the time the words were spoken. A whore is a woman who prostitutes her body for hire. The word is generally used as synonymous with harlot, courtesan, prostitute and strumpet. Cent. Dic. The word in its most general meaning includes a woman who practices or holds unlawful sexual intercourse either for hire or to gratify a depraved passion. And possible proof of such acts under this definition would constitute a justification of the charge. In any event, we cannot say, as a matter of law, that one act of illicit sexual intercourse constitutes a woman a whore.

It is true, as appellant's counsel urge, that in an early case in this State it was held by a divided court that one act of illicit sexual intercourse committed by a woman ever after rendered her a whore. *Alcorn* v. *Hooker*, 7, Blackf. 58, and this decision was approved in *Rodebaugh* v. *Hollingsworth*, 6 Ind. 339. The correctness of these decisions may well be doubted. A woman who has been seduced under a promise of marriage and thereafter leads a chaste and virtuous life is not esteemed to be a whore. *Fahnestock* v. *State*, 102 Ind. 156. There is nothing in the evidence in this case except vague rumor and hearsay that tended to show that the appellee had been guilty of indiscriminate sexual intercourse. Even if it be true that she had sexual intercourse with the men who afterwards became her husbands, it does not follow that she was a whore at the time the words were spoken.

There was no error in refusing the instructions requested, and we are of the opinion that the verdict is not contrary to the law.

Judgment affirmed.

Filed October 31, 1895.