SMITLEY v. PINCH.

1. SLANDER — EVIDENCE — CHARACTER — SPECIFIC ACTS — ADMISSIBILITY.

Specific acts of lewdness cannot be shown in support of a plea of justification in stating that plaintiff was a low (lewd) woman.

2. SAME—REPUTATION.

After defendant has submitted testimony tending to show plaintiff's general reputation for chastity to be bad, plaintiff may show by a witness who states that he has lived in the same town with her all his life, and has been a newspaper reporter three years, that he never has heard a word of suspicion against her chastity.

3. WITNESSES — REPUTATION — CHASTITY — COMPETENCY OF WITNESS.

Personal acquaintance is not a necessary prerequisite to qualify a witness to testify to the reputation of a person for chastity, if it appears the witness was in a position to know and has never heard the reputation questioned.

4. SLANDER—INSTRUCTIONS—IGNORING ISSUES.

Where no justification of a part of the slanderous statements declared upon was pleaded, an instruction to find only nominal damages in case such statements were proved to be true, was properly refused.

5. SAME—VERDICT—EXCESSIVENESS.

A verdict of $1,000 for falsely charging plaintiff, a white woman, with being criminally intimate with a negro is not so excessive as to warrant the court in setting it aside upon that sole ground.

Error to Berrien; Coolidge, J. Submitted February 21, 1907. (Docket No. 76.) Decided July 1, 1907.

Case by Nora Smitley against Benjamin W. Pinch for slander. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Gore & Harvey*, for appellant.

*Burns & Sweet*, for appellee.

McALVAY, C. J. This is an action for slander. Defendant asks this court to reverse a judgment for $1,000 obtained against him in the circuit court for Berrien county. Plaintiff had worked for defendant at Niles as a dining-room girl in his hotel, and had sued him in justice's court for wages claimed to be due her. After the trial, while awaiting the verdict of the jury in that case in the court-room, in presence of the justice and others, the alleged slander was uttered by defendant. Plaintiff was not present at the time.

The declaration in this case charges that defendant falsely published, and declared of and concerning her, the following slanderous words:

" 1. She is a damned bitch.

" 2. You can't imagine how low this woman is.

" 3. She had the teeth marks on her cheek where she let the nigger cook bite her.

" 4. She had her trunk in the cook's room.

" 5. She slept in bed with the nigger cook."

With his plea of the general issue defendant gave notice of the truth of the second, third, and fourth charges, and specifically denied that he used the language charged in the first and fifth. The errors relied upon by defendant are:

*First.* The ruling of the court in striking out the following question and answer during the examination of one of defendant's witnesses:

"*Q.* State whether or not you have seen any familiarities between her and the chef, Curtis.

"*A.* Yes, sir."

The purpose of this question was in support of the plea of the truth in justification of the words charged, "You can't imagine how low she is;" and was to show specific acts of lewd conduct on the part of plaintiff. The brief of defendant indicates that this charge, which is justified as true by the plea, referred to the character of plaintiff for lewdness. He says:

"What the plaintiff did, how she lived, and whether she was a woman given to lewd conduct was squarely in issue by the pleadings. Defendant had a right to show specific acts of lewdness."

The weight of authority does not support the contention of defendant. He was seeking to prove plaintiff's character as a low woman.

"It is settled by the great weight of authority that character cannot be proved by evidence of its operation in specific instances, even where the conduct has become habitual." 16 Cyc. p. 1278, and cases cited.

This rule was adopted in this State in *Proctor* v. *Houghtaling*, 37 Mich. 41, and has been approved and followed. *Bourreseau* v. *Evening Journal*, 63 Mich. 425; *Thibault* v. *Sessions*, 101 Mich. 279; *McGee* v. *Baumgartner*, 121 Mich. 287.

*Second.* Defendant had submitted testimony tending to show plaintiff's general reputation for chastity to be bad. In rebuttal, plaintiff recalled a witness who had

lived in Niles all his life, and been a newspaper reporter three years, who was asked:

"*Q.* Up to the time that you heard those remarks by Mr. Pinch in Mr. Beaver's court-room, had you ever heard a word or a suspicion against the chastity of Nora Smitley, the plaintiff?"

Defendant objected, for the reason that no proper foundation had been laid, and there was no evidence that witness knew plaintiff. The court overruled the objection, and witness answered: "No; I hadn't." This is assigned as error.

This court has pointed out the distinction between the competency of a witness called upon to impeach and one to support reputation, affirming a ruling where a witness was allowed to testify that he had never heard the defendant's reputation for truth and veracity questioned, in a case where evidence had been introduced to show such reputation to be bad. Mr. Justice GRAVES, speaking for the court, said:

"Where, however, the witness is not called to impair, but to support, credit, the ground is different. Not to have been talked about at all in regard to integrity is not to have been talked against. * * * The fact that a person's truthfulness has never been the subject of controversy is, according to general observation and experience, very cogent evidence to prove him worthy of credit, and, where those who would be likely to know if it had been the subject of criticism, testify they have no knowledge that it has been, the evidence is proper as conducive to the effect that such person could not have borne the bad reputation imputed." *Lenox* v. *Fuller*, 39 Mich. 268, 272, and cases cited.

See, also, 5 Am. & Eng. Enc. Law (2d Ed.), p. 882, and cases cited under note 3; *State* v. *Nelson*, 58 Iowa, 208. Personal acquaintance is not a necessary prerequisite to qualify the witness to testify as to the reputation in question, if it appears the witness was in a position to know and had never heard the reputation questioned. 5

Am. & Eng. Enc. Law (2d Ed.), p. 882. The testimony was properly admitted.

*Third.* Error is assigned upon the refusal to grant the following request to charge:

"If you find from the evidence that the defendant did say of the plaintiff, 'She is a damned bitch,' and if you find upon the evidence that such statement is true, then I charge you the plaintiff could only recover nominal damages; that is, six cents. So, if you find defendant did say that she slept with the nigger cook, as charged, and you also find the truth of this statement, in that event your verdict should be for nominal damages; that is, six cents. But, if you find that the defendant did not make either of these statements as charged, then if you find the truth of the other charges, your verdict must be for the defendant."

This request was properly refused. It does not state the law of the case. No justification of the truth of either of these charges was pleaded. The sole question for the jury to determine as to them was whether or not the words had been uttered by defendant. This was properly given by the court in his main charge, and he also gave defendant's request as follows:

"If you find from the evidence that the defendant has established the statement that 'the plaintiff is a low woman,' that 'she did keep her trunk in the chef's room,' and that she did have the marks on her face where the colored cook bit her, then I charge you the defendant is entitled to your verdict as far as those statements are concerned. And, if you find that the defendant so far as his claims are concerned as to all five of these charges, viz., that one of them he did not make at all, that the substance of the other was as claimed by defendant, and that the defendant has proven the truth of these charges substantially as made, then I charge you the plaintiff cannot recover and your verdict must be for the defendant."

*Fourth.* The remaining question is as to the verdict. It is claimed to be excessive, and that the court erred in not setting it aside and granting a new trial for that reason. No exceptions were taken by defendant to the

charge of the court as to the question of damages in this case. An examination of the charge in that regard satisfies us that the court correctly charged the jury. The court in denying the motion for a new trial said, relative to the question of excessive damages:

" The slander alleged consisted practically in a charge of criminal intercourse with a negro; the plaintiff being a white woman. The jury evidently found that no such charge was proved. Under the circumstances a verdict of $1,000, although larger than the court might have given, if tried without a jury, does not appear to be so excessive as to warrant the court to set aside the verdict upon that sole ground."

We agree with the trial court upon this proposition.

No error appearing from the record presented, the judgment of the circuit court is affirmed.

CARPENTER, OSTRANDER, HOOKER, and MOORE, JJ., concurred.