EVERHART *v.* CLUTE.

1. LIBEL AND SLANDER—PRIVILEGE—MALICE.

A slanderous statement is not privileged, although made in response to a direct question by a third party, where there was proof of actual malice in that defendant circulated stories to the same effect as the slanderous statement both before and after the date of the alleged slander, and that he also made the same slanderous statements to persons who had no interest in the subject-matter.

2. SAME—TRIAL—INSTRUCTIONS—DAMAGES.

An instruction by the court below that the jury, in estimating the amount of plaintiff's damages, might take into account any damage suffered by him by reason of the repetition or circulation of the slanderous words which was directly caused by defendant's publication thereof in the first instance, although not supported by the record, was not prejudicial, where the verdict was not excessive.

3. SAME—MALICE—NEW TRIAL—EXCESSIVE VERDICT.

Where it was plaintiff's theory that, ever since litigation

between them many years before, defendant had repeatedly circulated and published these slanderous statements about plaintiff, and had even pursued him and carried them into a new neighborhood to which he had removed, the court below was not in error in refusing a new trial on the ground that the verdict for $1,000 was excessive.

4. TRIAL—INSTRUCTIONS—ISSUES PRESENTED.
    *Held*, that the issue presented by the parties was fairly submitted to the jury with proper instructions.

Error to Cass; Des Voignes, J.. Submitted June 19, 1918. (Docket No. 72.) Decided September 27, 1918.

Case by Charles E. Everhart against John Clute for slander. Judgment for plaintiff. Defendant brings error. Affirmed.

*Clarence M. Lyle* and *Gore & Harvey*, for appellant.

*Elias P. Harmon* and *Asa K. Hayden*, for appellee.

KUHN, J. The following statement of facts is taken from the opinion of the learned trial judge denying the motion for a new trial:

"The case was based upon the alleged slanderous actionable words uttered by defendant of and concerning the plaintiff. The plaintiff for many years was a farmer, a resident of Newburg township, Cass county, but for the past year or two is one of the deputy State game wardens with residence at Three Rivers. The defendant has resided many years in Newburg township, following the occupation of farming. Both parties were for many years neighbors in that township.

"During the period they were neighbors, they became involved in litigation over the ownership of some turkeys. Both raised turkeys and defendant replevined some turkeys of plaintiff which he alleged were his. The case went through the several courts and the final determination of the issue is reported in [*Clute* v. *Everhart*] 137 Michigan, at page 5. The litigation engendered bad feeling and seems to have continued notwithstanding the lapse of many years.

"It is the claim of plaintiff that during the time that has intervened defendant lost no opportunity to slander him among the neighbors and even to strangers; that later and after he had been appointed to the office he now holds, defendant on the streets at Colon, Michigan, and to people at Mt. Gilead and elsewhere said of and concerning the plaintiff, when asked the question: 'Did you (defendant meaning) ever hear of this man, Everett, stealing any turkeys?' in reply defendant is claimed to have said, 'Yes, God damn him, I am the man he stole the turkeys of, and I have the documents to prove it.'

"Defendant denied making the statement on the trial, but did testify on the trial that he told the persons making the inquiry the facts of the replevin case of the turkeys and then added, 'You can draw your own conclusions,' or words to that effect."

The trial resulted in a verdict for the plaintiff in the sum of $1,000, and the case is brought to this court by writ of error by the defendant.

It is the first contention of defendant's counsel that the slander, under the circumstances alleged by the declaration and testified to by the plaintiff's witnesses, must be held to be confidential and privileged, as the answer of the defendant was made in response to a direct question put to him by one Homer Eberhard. It is therefore said that the court erred in overruling the objection of defendant's counsel made at the beginning of the trial to the reception of any testimony. Counsel for appellant do not say whether the answer should be held to be absolutely privileged or only qualifiedly privileged, but an answer to their contention, it seems to us, is clearly found in the contention of plaintiff, which was sustained by proof in the case, that there was actual malice on the part of the defendant, which is shown by proof that the defendant had previously, and also subsequently to the date when the alleged slanderous statement was made, circulated stories to the same effect as the slanderous statement.

It also appears that the alleged false and slanderous statement was made to persons who had no interest in the subject-matter. See *Flynn* v. *Boglarsky*, 164 Mich. 513 (32 L. R. A. [N. S.] 740), in which opinion authorities in this State on this question are cited.

The court in his charge to the jury instructed them in part as follows:

"If you find that the plaintiff has suffered any damage not necessarily confined to the publication of the words charged by defendant himself, but that there was a repetition or circulation of the slanderous words which was directly caused by defendant's publication thereof in the first instance, if any, that may be taken into account in estimating the amount of plaintiff's damage. And if you find from all the facts and circumstances in the case that defendant uttered the words claimed by plaintiff, and that the same became current in the community, or among any number of persons in the community, then the damage which plaintiff may have suffered, if any, by reason thereof, may be taken into account by you in arriving at the measure of his damage, if any. And this element of the case would bear only upon the amount of damage to plaintiff's reputation and feeling and humiliation in the community where he lived."

It is not contended that this was an incorrect statement of the law, but that there was no basis whatever in the record to support it. We have been unable to find, and our attention has not been challenged by counsel for appellee to any direct testimony of the repetition of the slanderous words caused by the defendant's publication and circulation thereof in the first instance. We are, however, of the opinion that this statement in the charge cannot be said to have been prejudicial, in view of the fact that, in our opinion, the amount of the judgment cannot be said to be excessive. It was the theory of the plaintiff, as has been stated, that the defendant, since the trial of the first litigation, which found its way to this court, and

which apparently precipitated all the trouble, has repeatedly circulated and published these slanderous statements about the plaintiff, and even after he left his old neighborhood, pursued him and carried them into the new home which he made for himself, where he had received the appointment as a deputy State game and fish warden. *Leonard* v. *Pope,* 27 Mich. 145 (note). We cannot say that a verdict of $1,000 for injury to the feelings of the plaintiff under such circumstances is one so clearly excessive that the trial judge should have granted a motion for a new trial on that ground.

It is also claimed that the charge of the court is argumentative, but a careful reading of it is satisfying that this criticism is without merit and that the issue presented by the parties in the trial was fairly submitted to the jury with instructions which properly safeguarded the rights of the defendant.

We find no prejudicial error, and therefore affirm the judgment.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.