ROWE *v.* MYERS.

1. Libel and Slander—Evidence—Justification—Reputation.

In an action for slander for calling plaintiff "Nick Myers' old whore," testimony in justification that plaintiff was guilty of adultery with another man 12 years before she met Myers was too remote to warrant its admission, there being no evidence to show continuance of the act or like acts until she became acquainted with Myers.

2. Same.

In such action, testimony that witness had seen plaintiff and Myers in a compromising position was admissible for the purpose of proving the truth of the slanderous charge, but not for the purpose of proving plaintiff's character.

3. Same—Evidence—Other Slanderous Words—Malice.

In such action, the plaintiff, after proving the words alleged, may give in evidence other slanderous words of like import to show malice.

4. Same— Charging Crime — Justification — Reputation — Evidence—Admissibility.

In such action, where the libelous words charged the crime of adultery, and justification was pleaded and evidence offered to prove the charge, evidence tending to show plaintiff's good reputation for chastity and morality was admissible.

5. Same—Trial—Instructions—"Whore."

In such action, a requested instruction that "A whore is a woman who practices illicit sexual intercourse either for hire or reward or to gratify a depraved passion," was proper, and should have been given to the jury as presented.

6. Same—Damages—Basis of Award.

In such action, the amount of the verdict is not, in its nature, susceptible of mathematical computation but, necessarily, rests on the judgment and discretion of the jury, the theory of the law being that damages shall be compensative in character, properly compensating the

See notes in 4 L. R. A. (N. S.) 560; 21 L. R. A. (N. S.) 502; 24 L. R. A. (N. S.) 607; 31 L. R. A. (N. S.) 132; 50 L. R. A. (N. S.) 1040.

plaintiff for injury to feelings, humiliation, and disgrace, and the actual damage from the injury itself.

7. SAME—DAMAGES—EXCESSIVE VERDICT.

In such action, where the publication of the libel was very restricted, and plaintiff, who was 60 years of age, was not shown to have been injured in any way in her social position, and no special damages were alleged or proved a verdict for $5,000 was excessive.

Error to Genesee; Brennan, J. Submitted October 22, 1918. (Docket No. 98.) Decided December 27, 1918.

Case by Ida E. Rowe against Martha E. Myers for slander. Judgment for plaintiff. Defendant brings error. Reversed.

*Clarence A. Cameron* and *Farley & Selby,* for appellant.

*Brownell & McBride* and *Warner & Raudabaugh,* for appellee.

KUHN, J. This is an action for slander. The plaintiff is a woman 60 years of age, and it is her claim that on the 30th day of June, 1917, on a public street in the city of Flint, and in the presence and hearing of other persons, the defendant called her "Nick Myers' old whore." The defendant filed a plea of the general issue and gave notice of justification. The trial resulted in a verdict for the plaintiff in the sum of $5,000.

1. The defendant sought to show, under her plea of justification, that the plaintiff, before she was divorced from her husband in 1899, and while she was living with him in the township of Flushing, Genesee county, was intimate and guilty of adultery with one Sylvester Loop. This testimony was ruled out by the trial judge. We think that this character testimony

which was offered was too remote to warrant its admission, because there was no evidence offered by the defendant to show a continuance of the act or like acts from 1899 until she became acquainted with Nick Myers, the husband of the defendant, in 1911.

It is further claimed that the court erred in not permitting the witness, Harry Wethered, one of the witnesses for the defendant, to answer the following question:

"Q. What position have you seen them in there, Mrs. Rowe and Mr. Myers, in the real estate office?"

The relations of the plaintiff with Nick Myers, the husband of the defendant, were very pertinent in this inquiry, for the reason that the defamatory words complained of charged the crime of adultery with the said Nick Myers. In our opinion, the witness should have been allowed to answer this question, as it seemed to be an effort on the part of the defendant to prove the truth of the very charge which she made against the plaintiff. It is clear that, under the authority of *Smitley* v. *Pinch*, 148 Mich. 670, the evidence was not admissible for the purpose of proving plaintiff's character, but we do think that the evidence was admissible for the purpose of showing the truth of the slanderous statement.

2. The second contention of appellant's counsel is that the court erred in permitting the witness, Homer J. McBride, to testify as to what occurred in his office, the testimony showing that at that time Mrs. Myers called Mrs. Rowe names of the same nature as the ones she is alleged to have called Mrs. Rowe on other occasions and for which this action is brought. We think this evidence was admissible to show malice on the part of the defendant. See *Leonard* v. *Pope*, 27 Mich. 145; *Fowler* v. *Gilbert*, 38 Mich. 292; *Cadwell* v. *Corey*, 91 Mich. 340; *Simons* v. *Burnham*, 102 Mich.

199; and *Everhart* v. *Clute,* 203 Mich. 115. By these authorities it seems to be well settled that in an action for slander the plaintiff, after proving the words alleged, may give in evidence other slanderous words of like import to show malice, or may show a repetition of the slander in aggravation of damages; nor does the rule limit the evidence to verbatim repetitions, but allows proof of substantially similar slanders likely to make the same impression in the community. We are, therefore, of the opinion that there was no error in admitting this testimony.

3. It is next alleged that the court erred in allowing the plaintiff to introduce evidence tending to show her good reputation as to chastity and morality, when under previous rulings of the court no evidence had been admitted on the part of the defendant to show that the plaintiff had a bad reputation in that respect, and the case of *Kovacs* v. *Mayoras,* 175 Mich. 582, 590, is relied upon, where this court said, in the opinion written by Mr. Justice STONE:

"The rule that defendant may show the general bad reputation of the plaintiff in an action of this nature does not permit the plaintiff, in the first instance, to open the door by general evidence tending to show his good reputation. We think the court was in error in admitting this testimony."

Counsel for appellee admit that this statement of the rule is correct, but it is contended and urged that by filing the plea of justification the defendant assails the reputation of the plaintiff, and that this amounts to a general attack, which permits the plaintiff to rebut the attack by offering evidence to show her good reputation, and that therefore the case falls under the rule announced in *Smitley* v. *Pinch, supra,* that where defendant has submitted testimony tending to show plaintiff's general reputation for chastity to be bad, the plaintiff thereupon can rebut this evidence by

other evidence to show good reputation.  Mr. Chamberlayne in his work, The Modern Law of Evidence, § 3281, vol. 4, says with reference to this rule:

"Evidence of the good character of the plaintiff in an action for libel or slander has frequently been received where the alleged slanderous words charged a crime and the defendant pleaded justification, as that the words spoken were true.  The evidence has been received even where the alleged slanderous words did not charge a crime.  Where no justification is pleaded, or where a justification is pleaded, but no evidence offered under the plea, the evidence is rejected."

In the case before us we have the plaintiff charged with a crime, and justification is pleaded, and an attempt was made by evidence under the plea to prove the charge.  The rule is also referred to in the case of *Fahey* v. *Crotty*, 63 Mich. 383, 388 (6 Am. St. Rep. 305), where it is said:

"In civil actions, with the exception of those cases where, by the pleadings, the character of the party is put in issue, the weight of authority is against the admissibility of such testimony to rebut imputations of misconduct or fraud,"

—and a great number of cases are cited.  On an examination of the record and briefs of the case of *Kovacs* v. *Mayoras, supra,* we are satisfied that it is easily distinguishable from this case, because in that case, in the notice given under the plea, the defendant denied that the article alleged in the plaintiff's declaration should be construed as alleged in the declaration, and denied each and every innuendo alleged in the plaintiff's declaration, and insisted that under the plea of the general issue, the article as printed and published in his newspaper mentioned in the declaration is true in the ordinary meaning and generally accepted sense thereof.  It is therefore seen that the defendant did not admit in that case any libelous article, and the pleadings, therefore, did not charge the

plaintiff with anything which was conceded to have been libelous. Here the plea of justification admits the slanderous statement and seeks to justify its truth. We are of the opinion that there was no error in admitting the testimony complained of.

4. Defendant's counsel preferred the following request to charge:

"I further charge you that a whore is a woman who practices illicit sexual intercourse, either for hire or reward or to gratify a depraved passion."

The trial judge in his charge gave a part of this request in its exact language, but eliminated therefrom the words, "or to gratify a depraved passion," and it is here urged that the defendant's request on this subject should have been given without modification. It is the claim of the defendant that the jury might have been led into the belief that it was necessary for them to find, in order to consider the defendant's justification, that Nick Myers had paid the plaintiff money or given her reward. While we are not prepared to say that under the circumstances of this case we would reverse the case because of this alleged error, in view of the fact that we have concluded to send the case back for a new trial, we should say that we think that the court might better have given the request as presented, which gives the definition as accepted by the lexicographers in its most general meaning. See 8 Words and Phrases, p. 7456; 40 Cyc. p. 933.

5. It is next urged that the verdict is excessive, and that the amount arrived at must be the result of passion, prejudice or bias on the part of the jury. The amount of the verdict is not, in its nature, susceptible of mathematical computation and rested necessarily on the judgment and discretion of the jury, but in this case there were no special damages alleged and proved, there were no special circumstances shown

in aggravation of damages, and the only persons who were shown to have heard the defamatory words complained of were Mrs. Ida Merrill and William Bliss. While it is true that in cases of slander no precise rules can be laid down for the ascertainment of damages, yet it is the theory of the law that in such cases damages shall be compensative in character, and it has been held that such damages may be awarded as to properly compensate the plaintiff for injury to feelings, humiliation, and disgrace, and the actual damage from the injury itself. We have carefully examined this record, and when we take into consideration the very restricted publication of the alleged defamatory words, the age, social position, and character of the plaintiff, and it not being shown that her social position was in any way impaired on account of the defamatory words, or that she was shunned by her neighbors, we have come to the conclusion that, consciously or unconsciously, some other element must have entered into the minds of the jury than a desire simply to compensate her for the injury alleged. We think the trial judge erred in not granting a new trial on the ground that the verdict was excessive.

6. Some complaint is also made that the charge of the court was argumentative, but upon examination of the whole charge we are satisfied that the issues involved were fairly and clearly stated to the jury with proper instructions as to the law applicable thereto, and that the charge was not subject to the criticism made of it.

However, for the errors above referred to, the judgment is reversed and a new trial granted, with costs to the appellant.

BIRD, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred. OSTRANDER, C. J., did not sit.