**Rebecca Ann DORAN, Plaintiff,**

v.

**Maurice F. PRIDDY, D. O., Defendant.**

**Civ. A. No. 79–1443.**

United States District Court,
D. Kansas.

Nov. 4, 1981.

Patrick J. Michaud, Michaud, Cordry & Michaud, Wichita, Kan., for plaintiff.

Larry Withers, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, Kan., Keith R. Henry, Weary, Davis, Henry, Struebing & Troup, Junction City, Kan., for defendant.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This case is a slander action. Plaintiff alleges that defendant called her a "little whore." Plaintiff has filed a motion in limine seeking to exclude evidence that she participated in extramarital sexual affairs on the grounds that such evidence is irrelevant and prejudicial. In addition to denying that such a statement was made, defendant has asserted truth as a defense and claims that evidence of extramarital sex is relevant to whether plaintiff was a "whore" at the time of the alleged slander.

The legal issue in this case is the meaning of "whore." Plaintiff asserts that for truth to be a defense, defendant must show plaintiff was a prostitute and engaged in sex for material compensation. Defendant states that "whore" has a broader meaning than "prostitute," and encompasses unchastity or lewdness in general, and that the evidence of extramarital sex goes to the essence of proving truth as a defense.

Both sides have cited a number of cases supporting their respective positions. Cases in which "whore" was held to have a broader meaning than "prostitute," include *Rowe v. Myers*, 204 Mich. 374, 169 N.W. 823 (1918); *Peterson v. Murray*, 13 Ind.App. 420, 41 N.E. 836 (1895). Cases in which "whore" is linked just with prostitution include *Barnett v. Phelps*, 97 Or. 242, 191 P. 502 (1920); and *Hollman v. Brady*, 233 F.2d 877 (9th Cir. 1956). Both sides have pointed to dictionaries, with plaintiff showing that the first meaning given is "prostitute," and defendant pointing out that other dictionary meanings include unchastity or a practitioner of illicit sexual intercourse.

The Court is going to look to the usual, proper and natural meaning of the word. See *Cooper v. Seaverns*, 81 Kan. 267, 269, 105 P. 509 (1909). In the Court's view, the usual, proper and natural meaning of "whore" in today's world is "prostitute," someone who practices sex for hire. While at one time the word "whore" may have generally been taken as a reference to unchastity, in today's world, with its more liberal attitudes toward sexuality, the common meaning is that a "whore" is one who "plays for pay," and not one who engages in sex merely for gratification as opposed to material compensation.

For this reason the Court will grant plaintiff's motion to exclude evidence of extramarital affairs lacking the element of prostitution, as the evidence is irrelevant as to the truth or falsity of whether she was a "whore," and is also highly prejudicial under Section 403 of the Federal Rules of Evidence.

It Is So Ordered.