McCrary, C. J.
The plaintiffs, citizens of Illinois, brought their action against the defendant, a oitizen of Missouri, in the court of common pleas of Linn county, Missouri, to recover a debt due for merchandise amounting to $975.70. The petition alleges that the defendant is about, fraudulently, to convey and assign his property and effects so as to hinder and delay his creditors, and that he is about, fraudulently, to conceal, remove and dispose of his property and effects so as to hinder and delay his creditors. The affidavit for attachment required by the statute of Missouri was filed, and a writ of attachment was issued and levied upon certain goods of the defendant. The defendant filed in the state court a plea in abatement, in which he denied the truth of the allegations in the petition upon which the attachment was issued, and prayed that the attachment might be abated, and that the goods attached might be released, and that he recover costs. Thereupon the plaintiffs filed their petition for the removal of the cause to this court, on the ground of local prejudice, under the third subdivision of section 639, Revised Statutes of the United States. Pending the consideration of *744 this application by the state court, the defendant filed the following stipulation in that court:
“Edson Keith et al., Plaintiffs, v. Marcus Levi, Defendant.
“In the Linn County Court of Common Pleas, February Term, 1880.
“Defendant herein, by his attorneys, in open court, and before the motion filed herein to remove this cause to the federal court is passed upon by the court, does hereby stipulate and admit that the claim sued upon is just and due to the plaintiffs, and that the amount sued for is correct; and, further, that he has not disputed said debt, and does not intend to dispute the same in any form of answer, but intends to allow plaintiffs to take their judgment for the amount claimed whenever they ask for it.
“Marcus Levi, Defendant.
“By his attorneys,
“Huston & Brownlee, with H. Lander.*
Whereupon the state court overruled the application for removal, and the plaintiffs filed the transcript in this court claiming that their petition and bond were according to the statute, and had the effect to remove the cause and to deprive the state court of further jurisdiction. The defendant appearing specially in this court moves to remand the cause, on the ground that, after the admissions contained in the foregoing stipulation were placed upon the record, there was no controversy or dispute which could be removed to this court.
It is manifest that there could be no removal of the original case, to-wit, the suit on the account set out in the petition, after the admission of its correctness by the defendant, and his offer to consent to judgment for the whole amount claimed.
The second section of the third article of the constitution declares that the judicial power of the United States shall -extend to controversies between citizens of different states. The aot of congress under which the removal was sought in this case, and which was passed in pursuance of said constitutional provision, provides: “Any suit commenced in any *745 state court, wherein the amount in dispute, exclusive of costs, exceeds the sum or value of $500, to be made to appear to the satisfaction of said court, may be removed for trial in the circuit court,” etc. The term “dispute,” as employed in the statute, must be held to be exactly synonymous with the term “controversy” in the above-mentioned clause of the constitution. The plain meaning is that before a cause can be removed there must be a litigation; that is to say, a matter either of law or fact asserted on one side and denied on the other. Where the matter is alleged by the plaintiff, and admitted by the defendant, there is no controvsrsy, no dispute, and therefore no case for removal.
If, therefore, there was nothing in the case except the question of the right of the plaintiffs to recover judgment for the sum claimed in their petition, I should hold, without hesitation, that they had no right of removal. But there is a controversy as to the truth of the allegations upon which the attachment was issued, and as to the validity of the attachment. Concerning this controversy the parties were at issue in the state court. I see no reason why a controversy as to the validity of the attachment may not constitute a case removable within the meaning of the statute. If the controversy arising upon the plea in abatement, in a case like the present, is between citizens of different states, and the amount in dispute, exclusive of costs, exceeds the sum or value of $500, I have no doubt the case is removable, even though there be no controversy upon the main case.
That the controversy arising upon the plea in this case is between citizens of Illinois on one side, and a citizen of Missouri on the other, is not disputed. Does the amount in dispute, exclusive of costs, exceed $500? Before we can answer this question affirmatively it must appear, from the record, that the recovery upon the issue joined upon the plea may exceed that sum. The value of the goods attached is more than $500, but the value of the goods attached is not the measure of the amount in controversy. The statute of Missouri (vol. 1, § 439) provides that if the issue upon the plea in abatement be found against the plaintiff, he and his sure *746 ties “shall he liable on their bond for all damages and costs occasioned by the attachment, or any subsequent proceedings connected therewith.” The most that can be said is that the amount in controversy in the question raised upon the validity of the attachment is the sum which the defendant may recover as damages resulting from the wrongful issuing of the writ. What that amount is nowhere appears. The defendant has made no formal claim for damages. He prays the return of the goods sued, and for judgment for costs only. If we were at liberty to enter into conjecture as to the probable amount of the damages, in case the attachment is set aside, there is no data in the record from which we could, with any certainty, estimate them at more than $500. The defendant’s property was taken by attachment, (wrongfully, if the plea in abatement be true;) but it was taken to be applied upon a bona fide indebtedness.
What his damages would be might depend upon a variety of facts and circumstances which cannot be anticipated. But the court, in determining such a question as this, must not be left to speculation. The party moving for a removal must be able to show affirmatively that the sum in controversy exceeds $500, exclusive of costs. It is enough to say, in this case, that this does not appear. No sum is claimed as damages, and from aught that appears it may not be the intention of the defendant to claim damages. If he should hereafter, by proper pleading, in this case, or in a suit on the attachment bond, claim more than $500 damages, in the state court, I think his making such claim will constitute a case which can be removed; but no such claim has heretofore been made. The petition for removal evidently refers to the original cause, which, as we have seen, ceased to be a dispute or controversy the moment the defendant admitted all that the plaintiffs claimed. I have treated it, however, as applying to the issue raised by the plea in abatement, in order that I might dispose of the question upon the most favorable view for the plaintiffs. Strictly speaking, the application fell to the ground when the defendant’s admission of the plaintiffs’ claim was filed, and a new application for the removal of the *747 cause upon the attachment issue should have been made, and should have shown affirmatively that the amount in value in that controversy was more than $500. There is, in fact, no application for the removal of the case, as it stands, upon the plea in abatement. The petition is for the removal of the original or main cause, which is not removable because it does not involve a controversy.
The motion to remand is sustained.
Krekel, D. J., concurs.
Note. — See Ruckman v. Buckman, 1 Fed. Rep. 587.