FRANK J. BARTLETTA, complainant-appellant,

*v.*

BERNARD N. McFEELEY et al., defendants-respondents.

[Submitted February 17th, 1933. Decided April 27th, 1933]

. On appeal from a decree advised by Vice-Chancellor Bigelow, whose opinion is as follows:

"This is a continuation of the litigation reported in *Bartletta* v. *McFeeley, 107 N. J. Eq. 141; affirmed, 109 N. J. Eq. 241.* Complainant had been arrested by the police of Hoboken, his fingerprints taken, and he had been photographed. Four days later, he filed his bill against defendants, the director of public safety and other officials of Hoboken, praying that they be decreed to surrender the photographs and fingerprints. Complainant based his case on the theory that it was unlawful for the police to photograph and fingerprint him. I came to a contrary conclusion and advised a decree dismissing the bill. On appeal, the decree was affirmed. Mr. Justice Parker, in a concurring opinion, pointed out that while

the police were justified in taking the photographs and finger-
prints, yet it might not be lawful for them to retain the photo-
graphs and fingerprints unless complainant be indicted and
convicted.    As to this, the learned justice expressed no
opinion.

"Complainant then filed a new bill.  He shows that he has
not been indicted and that he is protected from prosecution
by the statute of limitations.  I assume that he is innocent
of the charge for which he was arrested.  He prays (1) that
defendants remove from the rogues' gallery of Hoboken and
surrender to him the photographs, fingerprints and measure-
ments of complainant and all copies thereof; (2) that de-
fendants cause to be removed from the rogues' gallery of other
cities copies of his photographs and fingerprints, and (3)
that defendants expunge the words 'alias Luke Adams' after
complainant's name in the records of the police department
of Hoboken.

"When the case came on to be heard, the defendants volun-
tarily brought into court and surrendered the photographs,
fingerprints and measurements of complainant and all copies
thereof-which were in the police department of Hoboken, and
so the principal question which complainant brought before
the court became academic.  I need not further consider this
branch of the case.

"The bill of complaint alleges and the answer admits that
copies of the fingerprints and photographs were mailed to
police headquarters, New York City, to the bureau of iden-
tification at Albany, New York, and to the bureau of investi-
gation, Washington, District of Columbia.  The defendants
have no control over these governmental agencies.  The court
will not attempt to compel defendants to exercise an authority
which they do not possess.  Furthermore, it does not appear
that defendants were guilty of any impropriety in forwarding
the fingerprints and copies to these offices.  If they had com-
mitted a wrong against complainant, it might be that the
court would require them to endeavor to right the wrong,
even though defendants have no actual power in the premises.
But this situation does not appear.

"The third branch of relief sought relates to the 'alias Luke Adams.' Complainant alleges 'that he was booked as Frank J. Bartletta, alias "Luke Adams," which last appellation he never assumed or was ever known by.' This allegation has been admitted or proved. The exact meaning of the word 'booked' does not appear but I take it that the charge against complainant and the alias were written in some record book in the police station. Whether this record is secret or open to public inspection, whether it is kept pursuant to custom, ordinance or statute, I am not informed. I can see that the criminal charge against complainant remaining on the records of the police department is a source of real embarrassment to him. The addition to his name of the 'alias Luke Adams' is, by comparison, a trifling matter. No proof has been offered to show that the book entry, if it remains as it now is, will tend to involve complainant in litigation or injure him in any manner. Complainant relies upon *Vanderbilt* v. *Mitchell, 72 N. J. Eq. 910,* in which it was held that this court had jurisdiction to require the cancellation of a false birth record in the bureau of vital statistics of this state. But the record in that case was evidential by statute and could be used to harass the complainant and his heirs in litigation. The record of arrests in Hoboken is not evidential for any purpose. How it can be used to the disadvantage of complainant, I do not know. I am doubtful of the authority of this court to order an alteration of a record of the police department in the absence of proof that the record may be used to the injury of complainant. A precedent which might lead to the alteration or suppression of criminal complaints would be dangerous. Complainant's plight is not serious enough to induce the court to exercise the delicate power of ordering the record changed.

"The bill of complaint is dismissed. The parties have stipulated that no costs should be awarded in the cause."

*Mr. Anthony P. La Porta,* for the appellant.

*Mr. Horace L. Allen,* for the respondents.

70

Per Curiam.

The decree under review is affirmed, for the reasons given in the opinion of Vice-Chancellor Bigelow.

*For affirmance*—The Chief-Justice, Trenchard, Parker, Lloyd, Case, Bodine, Donges, Heher, Van Buskirk, Kays, Hetfield, Dear, Wells, Dill, JJ. 14.

*For reversal*—None.