[1]1 Reported in 300 N.W. 798.
The poor relief settlement of James Robinette and his family is in Minneapolis, where they resided from 1935 to May 5, 1940. On the last mentioned date they took up their residence on an 80-acre farm in Aitkin county, which Robinette owns and to which he holds the fee title. The value of the farm is about $800. Robinette owned an automobile, two cows, one hog, and 20 chickens. He had an income of $20 per month from the sale of a house and lot in Minneapolis, but no income from the farm. He was physically unable to work, and his income was entirely inadequate to sustain him and his family. Relief in some form was necessary. *Page 224 
On October 17, 1940, Robinette applied to the Aitkin county authorities for assistance. Emergency assistance in the amount of ten dollars was given. Some correspondence followed between the Aitkin county and Minneapolis city poor relief officials as a result of which the city of Minneapolis definitely admitted that the settlement of the Robinettes was in Minneapolis, that the city was responsible for their care and support, and that it consented to their removal from Aitkin county to Minneapolis.
On November 6, 1940, the poor relief authorities of Aitkin county served the Robinettes with the statutory warning under Mason St. 1927, § 3173,[2] to depart from the county. On November 28, the Robinettes having failed to depart (as it is fair to infer because of their inability to do so), the county commenced the present proceeding to establish the settlement of the Robinettes in Minneapolis and for their removal thereto.
The removal proceedings were had under Mason St. 1940 Supp. § 3161-1, which reads as follows:
"Whenever a dispute shall arise between political subdivisions within a county or between two or more counties or between a county and a political subdivision of another county or political subdivisions of different counties as to the place of settlement of any poor person, any such county or political subdivision may serve upon the other or others a notice * * * for a determination of the settlement of such poor person."
The city, upon an adequate showing which was not controverted, moved to dismiss the proceeding upon the ground that there was no "dispute" between the parties, since it had always admitted the *Page 225 
facts asserted by the county and was willing that the county should have the relief demanded in the proceedings by a removal under Mason St. 1927, § 3173. The motion was denied. The court heard the matter, found that the settlement of the Robinettes was in Minneapolis, and ordered their removal thereto. Then the city moved again for a dismissal notwithstanding the decision of the court and for amended findings and conclusions or a new trial. The motion was supported by an affidavit of Robinette that he was a freeholder and objected to the removal. The appeal is from the order denying the motion.
Here, the city contends that the court was without jurisdiction to entertain the proceedings for want of a dispute; that the court was without jurisdiction for the further reason that the statute does not authorize the removal of a freeholder; that the county's exclusive remedy, if any, under the circumstances, was a removal without court proceedings, under Mason St. 1927, § 3173; and that the court erred as a matter of law in refusing to dismiss for want of a dispute.
We need only consider the claimed error that the court erred in denying the motion to dismiss for want of a dispute. The city objects not to the removal of the pauper and his family to Minneapolis, but to being harassed with unnecessary litigation to accomplish that purpose and burdened with the expense incident thereto. There is no "dispute" except where there is a matter of either law or fact asserted on one side and denied on the other. Seiz v. Citizens Pure Ice Co. 207 Minn. 277,290 N.W. 802; County Board of Education v. Borgen, 192 Minn. 512,257 N.W. 92; Keith v. Levi (C. C.) 2 F. 743. An action which is unnecessary or vexatious cannot be maintained. 1 C.J.S., Actions, § 21. Where there is no dispute or, as is sometimes said, a controversy, the first essential of judicial interference, which is authorized only where the plaintiff cannot otherwise obtain his rights because of defendant's wrongful withholding or invasion of the same, is lacking. Walbach v. Walbach, 165 Md. 8, 18, 166 A. 422. The policy of the law is to avoid needless litigation. Stanolind Oil Gas *Page 226 
Co. v. State, 136 Tex. 5, 133 S.W.2d 767,145 S.W.2d 569. The rule has been applied to require discontinuance of proceedings to compel the police to remove from the rogues' gallery photographs and fingerprints of a complainant which the police voluntarily surrendered. Bartletta v. McFeeley, 113 N.J. Eq. 67,166 A. 144. A plaintiff who was vested with the very title which he sought, the legal title by conveyance and the equitable title by purchase under a decree in a former action, was held not entitled to maintain an action to set aside the decree and sale and obtain a new decree and sale. Truebody v. Jacobson, 2 Cal. 82. Likewise, a complaint to set aside a fraudulent conveyance should be dismissed where no advantage could accrue to the plaintiff by the proceedings because of the prior destruction of the property by fire. Putzel v. Schulhof, 59 N.Y. Super. (27 J. S.) 88, 13 N.Y. S. 231.
In Johnson v. Dosland, 103 Minn. 147, 114 N.W. 465, we applied the rule in dismissing on appeal an action involving the contest of a primary election in which plaintiff asserted the right to have his name on the official ballot at the general election, where, prior to the final decision, the general election had been held and hence no effective relief could be granted.
Where a party can obtain complete and adequate relief, as here, by the consent of his adversary, there is no justification for legal proceedings to obtain such relief. Parties should not be vexed and harassed with litigation where they are willing to do everything that the court could compel them to do under the circumstances of the case. Courts should not be burdened with such litigation, nor the public with the expense thereof. The instant case should have been dismissed under the rule.
Reversed with directions to dismiss.
[2] "3173. When application for support or relief is made by a person whose settlement is in another county, or in a town, city, or village of another county, the board applied to, or its chairman, shall warn him to depart from its county; and if he is unable or refuses to do so within a reasonable time, and is likely to become a public charge, the chairman may issue an order, under his hand and the seal of the board, to the sheriff or any constable of the county, requiring him to convey such person to the place of his settlement." *Page 227